# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KELSO OUTDOOR ADVERTISING, LLC**
**and GARY JOHNSON,**

        **Plaintiffs,**

-vs-                                        Case No. 6:09-cv-1986-Orl-31DAB

**VOLUSIA COUNTY,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss Counts Four and Five (Doc. 9) filed by the Defendant, Volusia County, and the response (Doc. 12) filed by the Plaintiffs, Kelso Outdoor Advertising, LLC ("Kelso Outdoor") and Gary Johnson ("Johnson"). In addition, on January 27, the Court ordered the parties to brief certain issues regarding its subject matter jurisdiction over Counts One through Four. (Doc. 21). Both sides filed responsive briefs. (Doc. 24, 25).

## I. Background

The instant case arises out of a zoning dispute. Based on the allegations of the Plaintiffs' "Petition for Writ of Certiorari Pursuant to Rule 9.100(f) and Complaint for Declaratory Judgment, Injunctive Relief, Equal Protection and Damages" (henceforth, the "Complaint") (Doc. 2), which are accepted as true for purposes of resolving the instant motion, Johnson owns a parcel of property on International Speedway Boulevard in Daytona Beach. (Doc. 2 at 3). In October 2008,

he signed an agreement with Kelso Outdoor[1] for that company to build and operate an off-premises sign on the property. (Doc. 2 at 3). In November 2008, Kelso Outdoor submitted a building permit application to the County, which issued the permit in February, 2009. (Doc. 2 at 5). Johnson and Kelso Outdoor then incurred more than $100,000 in expenses preparing for and beginning construction on the sign. (Doc. 2 at 6).

After construction got under way, neighbors began to complain about the sign. (Doc. 2 at 6). On May 27, 2009, with the sign nearly complete, the County Code Enforcement Officer issued a stop work order. (Doc. 2 at 7). In subsequent correspondence, the County claimed the issuance of the permit had been an error, and cited to a number of ordinances that allegedly prohibited the construction. (Doc. 2 at 8). Kelso Outdoor and Johnson contested the County Code Enforcement Officer's decision, but it was affirmed 5-1 the Volusia County Council at a public hearing on August 6, 2009. (Doc. 2 at 10).

On October 22, 2009, Kelso Outdoor and Johnson filed suit in state court, seeking a writ of certiorari,[2] declaratory and injunctive relief, equitable estoppel, and damages pursuant to 42 U.S.C. § 1983 for violation of their right to equal protection of the laws. The case was removed to this Court on November 23, 2009. Shortly thereafter, the County filed the instant motion, seeking dismissal of counts Four and Five of the Complaint. (Doc. 9).

---

[1] Kelso Outdoor is the successor in interest to another advertising company, Metro Outdoor Advertising, LLC, which initiated the efforts to build a sign on Johnson's property. (Doc. 2 at 2). For simplicity's sake, this opinion will refer to both advertising companies as "Kelso Outdoor."

[2] The claims comprising the petition for writ of certiorari were remanded to state court on January 26, 2010. (Doc. 20).

**II.     Analysis**

In the case of *Grace v. Town of Palm Beach*, 656 So. 2d 945 (Fla. 4th DCA 1995), a town commission, in a quasi-judicial proceeding, granted a special exception to change the use of a parcel of real estate. Neighboring property owners sought to challenge the action by filing a declaratory judgment suit in circuit court. *Id.* The trial court dismissed the suit on the grounds that it lacked subject matter jurisdiction, and the appellate court affirmed the dismissal. *Id.* The appellate court held that because the hearing at issue had been quasi-judicial, the neighbors' sole remedy was a petition for certiorari. *Id.* at 946.

The Plaintiffs admit that the Volusia County Council was acting in a quasi-judicial capacity when it affirmed the decision of the County Code Enforcement Officer.[3] (Doc. 2 at 13). Despite this, rather than relying solely on their petition for certiorari, as would appear to be required by *Grace*, the Plaintiffs also seek reversal of the County Council's decision by way of claims for declaratory and injunctive relief (Counts One through Three) and an equitable estoppel claim (Count IV). The Defendant agrees that Counts One through Four are barred by the rule of *Grave v. Town of Palm Beach*.

In responding to this Court's jurisdictional concerns, the Plaintiffs admit that "[w]hen appealing a decision rendered by an administrative body in a quasi-judicial capacity, the appeal is by way of a Petition for Writ of Certiorari." (Doc. 24 at 2). The Plaintiffs then contend that,

---

[3] In their brief on subject matter jurisdiction (Doc. 24), the Plaintiffs for the first time assert that the County Council was acting in a quasi-legislative capacity when it affirmed the Code Enforcement Officer's decision. (Doc. 24 at 6). This argument finds no support in the language of the Complaint, in which the Plaintiffs repeatedly assert that the County Council misinterpreted the ordinances, rather than improperly amending them.

unlike the action taken in *Grace*, the claims for injunctive and declaratory relief are being filed to "provide direction to the administrative body" if the petition is granted and the County's decision is quashed. (Doc. 24 at 3-4). However, in these counts, the Plaintiffs directly challenge the County's decision, seeking declarations that the County misinterpreted the pertinent ordinances and enjoining the County from applying them to the previously issued permit. (Doc. 2 at 36-37, 42, 49). This is another attempt to accomplish what is currently being sought in the petition for writ of certiorari, not a supplement to it.

The Plaintiffs contend that *Hernando County v. Leisure Hills, Inc.*, 689 So. 2d 1103 (Fla. 5th DCA 1997) permits this sort of supplemental effort. Their reliance on that case is misplaced. *Leisure Hills* involved an administrative body acting in a *quasi-legislative* capacity. In the words of the *Leisure Hills* court, Hernando County had "amend[ed] its prior policy on drainage and substituted a new policy – a legislative act." *Id*. at 1105. Such legislative actions are subject to *de novo* review, as opposed to the limited review afforded quasi-judicial actions. *Grace*, 656 So. 2d at 945. By its terms, the holding in *Grace* applies to quasi-judicial actions, not quasi-legislative ones. This Court therefore lacks jurisdiction over Counts One, Two and Three, which will be dismissed.

As to Count Four, the Plaintiffs contend that their claim of equitable estoppel does not involve review of the County Council's decision, and therefore *Grace* is inapplicable. (Doc. 24 at 9). A simple review of Count Four, in which the Plaintiffs challenge the County's interpretations of its ordinances and seek to prevent the County from enforcing its decision, shows that this

description of the equitable estoppel claim is incorrect. It is not possible to grant the equitable estoppel claim without first determining that the County made an improper decision.[4]

The Plaintiffs also argue that the County Council did not consider the issue of equitable estoppel, and that the state court cannot assess, on certiorari review, an administrative body's failure to consider that issue. As a result, they say, they must be permitted to bring an equitable estoppel claim alongside their petition for certiorari, as that is the only way for such a claim to be heard. But this argument fails in several respects.

First, to make this argument, the Plaintiffs attempt to recast the "decisions" at issue in Count IV as being certain letters sent by the County in the wake of the stop work order, detailing the County's justification(s) for issuing the order. (Doc. 24 at 9). Not surprisingly, those letters make no reference to equitable estoppel. But as set forth in the Complaint, those letters are explanations, not decisions. At a minimum, the County's decision included its vote after the public hearing to affirm the rescinding of the permit and the issuance of the stop work order. Presumably, the Plaintiffs were permitted to raise the equitable estoppel argument as part of the hearing. If not, as discussed below, they may argue on certiorari review that the County Council departed from the essential requirements of the law. But they cannot simply redefine what the County *did* so as to argue that the County failed to consider the argument.

---

[4]Plaintiffs also attempt to argue that the "decisions" at issue in Count IV are certain letters sent by the County in the wake of the issuance of the stop work order. (Doc. 24 at 9). But this makes no sense. The only decisions referenced in the Complaint were (1) the Code Enforcement Officer's decision to stop the construction and (2) the County Council's decision, after the public hearing, to affirm the Code Enforcement Officer's decision.

Second, the Plaintiffs argue that the decision in *Orange County v. Seay*, 649 So. 2d 343 (Fla. 5th DCA 1995), establishes that courts cannot assess, on certiorari review, an administrative body's failure to consider equitable estoppel. (Doc. 24 at 10). But the *Seay* court did not lay down such an expansive rule. Rather, the *Seay* court found that the hearing in that case was only intended to assess compliance with a particular statute, and therefore the hearing officer (whose opinion was adopted by the County Commission) had not erred by failing to consider the additional issue of equitable estoppel. *Id.* at 343-44. The *Seay* court did not suggest that equitable estoppel could never be considered in administrative proceedings, or that the failure to consider equitable estoppel in a proper case would be immune from scrutiny on certiorari review. *Id.* at 344.

The Plaintiffs have not shown that they have a right to bring a claim for equitable estoppel separate from their petition for writ of certiorari. As a result, pursuant to *Grace*, the Court lacks subject matter jurisdiction over the equitable estoppel claim. Count Four will be dismissed.

Turning to the motion, the Defendants assert that the Section 1983 claim asserted in Count Five requires a greater level of specificity than most claims, pursuant to *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992) and *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359 (11th Cir. 1998). However, the Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) prohibits the application of higher pleading standard for Section 1983 claims asserted by an entity, such as

Volusia County, that cannot raise qualified immunity as a defense. *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004). Accordingly, the County's argument must fail.

In consideration of the foregoing, it is hereby

**ORDERED** that Counts One through Four of the Complaint (Doc. 2) are dismissed, *sua sponte*, for lack of subject matter jurisdiction. And it is further

**ORDERED** that the Motion to Dismiss Counts Four and Five (Doc. 9) is **DENIED**. As to Count Four, the motion is **DENIED AS MOOT**, that count having already been dismissed for lack of subject matter jurisdiction. As to Count Five, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 24, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party